United States District Court
Southern District of Texas

**ENTERED**

May 26, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Timothy Tindall, | § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| | | Civil Action No. 4:26-cv-00710 |
| v. | | |
| CrossCountry Mortgage, LLC, et al., | | |
| *Defendants.* | | |

## MEMORANDUM AND RECOMMENDATION

Defendants CrossCountry Mortgage, LLC, Nationstar Mortgage, LLC, Marinosci Law Group, P.C., and Auction.com, LLC, removed this case based on federal question jurisdiction. Dkt. 1. Because the original petition raises only state-law claims, the Court ordered Defendants to show cause why federal question jurisdiction is proper. Dkt. 25. After carefully reviewing Defendants' response, Dkt. 27, the record, and the applicable law, it is recommended that this case be remanded for lack of jurisdiction, and that Defendants' pending motion to dismiss (Dkt. 5) be denied as moot.

## Background

Plaintiff Timothy Tindall filed this mortgage suit in the 152nd District Court of Harris County, Texas. Dkt. 1-2 at 1. In his petition, Tindall asserts

four claims, all under Texas law: (1) slander of title; (2) liability for a fraudulent lien under Texas Civil Practice & Remedies Code § 12.002; (3) breach of contract; and (4) common law fraud. Dkt. 1-2 at 6-7. He contends that his promissory note and the deed of trust were separated through subsequent assignments, rending the lien on his property a "nullity." *Id.* at 5. He also asserts that, if his note was ever transferred, the new owner did not provide the requisite notice under 15 U.S.C. § 1641(g), which "further proves Defendants lack a valid, recorded chain of title." *Id.*

Defendants removed to this Court, invoking federal question jurisdiction under 28 U.S.C. § 1331. Dkt. 1. Defendants then filed a motion to dismiss all claims, Dkt. 5, to which Tindall responded, and Defendants replied, Dkt. 15.

After reviewing the submissions, the Court issued a May 7, 2026 order directing Defendants to show cause why federal question jurisdiction is proper and resolving Tindall's various requests for leave to amend, to conduct discovery, and to file additional briefing on the motion to dismiss. Dkt. 25 at 5-6. Defendants timely responded to that Order. Dkt. 27.

## Legal standard

This Court is "duty-bound to examine the basis of subject matter jurisdiction sua sponte ...." *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). The parties' silence on the issue is immaterial because "parties ... may neither confer subject matter jurisdiction on the district court

nor strip it of such jurisdiction by agreement or waiver." *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 786 (5th Cir. 2012) (quotation omitted).

A state court action can be removed to federal court if the action could originally have been filed in federal court. 28 U.S.C. § 1441(a). Here, the sole asserted basis for removal is 28 U.S.C. § 1331, which authorizes federal courts to hear cases arising under federal law.

The removal statute must "be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) (per curiam). The party invoking federal jurisdiction "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

## Analysis

Defendants invoked federal question jurisdiction as the sole basis for removal. Dkt. 1 at 2-3. But the original petition only raises state law claims. *See* Dkt. 1-2 at 5-6. In response to this Court's show cause order, Dkt. 25, Defendants contend that federal question jurisdiction exists under the four-pronged test in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). Dkt. 27 at 2-3. But apart from citing that test, Defendants offer no apposite authority supporting their assertion. There is no federal question jurisdiction here.

"The *Grable* doctrine provides that, even when a state court petition pleads only state law causes of action, federal jurisdiction nonetheless exists 'if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Box v. PetroTel, Inc.*, 33 F.4th 195, 201 (5th Cir. 2022) (quoting *Gunn v. Minton*, 568 U.S. 251, 258 (2013)). This "special and small category" of cases is "slim." *Gunn*, 568 U.S. at 258. "If any one of these four prongs is not satisfied, a court should not exercise federal-question jurisdiction." *Maher v. Vaughn, Silverberg & Assocs., LLP*, 95 F. Supp. 3d 999, 1009 (W.D. Tex. 2015) (quotation omitted); *see also Gunn*, 568 U.S. at 258 (noting "all four of these requirements" must be met).

According to Defendants, the petition's reference to 15 U.S.C. § 1641(g) "necessarily rais[es]" a substantial federal issue in relation to Tindall's fraudulent lien claim under Texas Civil Practice & Remedies Code § 12.002. Dkt. 27 at 2. But a claim does not satisfy *Grable*'s first prong when "none of [the] elements" of recovery requires proof that the federal law was violated. *See Box*, 33 F.4th at 202; *Fire & Police Retiree Health Care Fund v. CVS Health Corp.*, 2019 WL 13191642, at *4-5 (S.D. Tex. July 24, 2019) (no federal question when federal regulations did not supply the sole source of duty underlying the plaintiff's claims); *Gordon v. Mathieson*, 2018 WL 3105115, at *4-6 (S.D. Tex.

4

June 25, 2018) (no federal question jurisdiction where state-law trade secret misappropriation claim did not hinge on federal law). That is the case here.

A fraudulent lien claim under Section 12.002 requires that the defendant "(1) made, presented, or used a document with knowledge that it was a 'fraudulent lien or claim against real or personal property or an interest in real or personal property,' (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or mental anguish." *Golden v. Wells Fargo Bank, N.A.*, 557 F. App'x 323, 326-27 (5th Cir. 2014) (per curium) (quoting *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 964 (Tex. App.—Dallas 2013, no pet.)). Whether Tindall received notice of the note's transfer under 15 U.S.C. § 1641(g) is immaterial to those elements, which focus on the validity of Defendants' lien or claim itself. Even Tindall's petition cites the federal statute merely to bolster the theory (as "*further* proof") that "Defendants lack a valid, recorded chain of title." Dkt. 1-2 at 5 (emphasis added). And Defendants' motion to dismiss tacitly concedes that Section 1641(g) is wholly collateral, making no mention of Section 1641(g) when moving to dismiss Tindall's fraudulent-lien claim. *See* Dkt. 5 at 3-4.

At bottom, Tindall's passing reference to a federal statute does not make it "necessary" to his recovery. Defendants therefore have not carried their burden to satisfy the first prong of *Grable*'s test for federal question jurisdiction, 28 U.S.C. § 1331. As a result, this case should be remanded.

## Recommendation and Order

For the foregoing reasons, it is **RECOMMENDED** that this case be **REMANDED** to state court.

It is further **RECOMMENDED** that Defendants' motion to dismiss (Dkt. 5) be **DENIED AS MOOT** for lack of jurisdiction to resolve it.

It is further **ORDERED** that the June 18, 2026 initial conference (Dkt. 25 at 6) is hereby **CANCELED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on May 26, 2026, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

6